

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| SHELVIE JEAN FINLEY and BARRY FINLEY, SR., § § § | |
| Plaintiffs, § § | |
| vs. § | CIVIL ACTION NO. 6:04-1836-HFF |
| § | |
| THE WAFFLE HOUSE # 1335, § § | |
| Defendant. § | |

**MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**I.      INTRODUCTION**

This is a negligence action. Plaintiffs assert claims that Defendant was negligent in the maintenance, design and construction of its parking lot. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

Pending before the Court is Defendant's motion for summary judgment. Having carefully considered the motion, the response, the reply, the record, and the applicable law, it is the judgment of the Court that Defendant's motion for summary judgment shall be granted.

**II.      STANDARD OF REVIEW**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file,

together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The moving party bears this initial burden of informing the Court of the basis for its motions, and identifying those portions of the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The Court reviews the record by drawing all inferences most favorable to the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citing *United States v. Diebold, Inc.*, 369 U.S. 654 (1962)).

"Once the moving party carries its burden, the adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response . . . must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56(e). The adverse party must show more than "some metaphysical doubt as to the material facts." *Matsushita*, 475 U.S. at 586. If an adverse party completely fails to make an offer of proof concerning an essential element of that party's case on which that party will bear the burden of proof, then all other facts are necessarily rendered immaterial and the moving party is entitled to summary judgment. *Celotex*, 477 U.S. at 322-23. Hence, the granting of summary judgment involves a three-tier analysis. First, the Court determines whether a genuine issue actually exists so as to necessitate a trial. Fed. R. Civ. P. 56(e). An issue is genuine "if the evidence is such that a reasonable [trier of fact] could return a verdict for the non-moving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986). Second, the Court must ascertain whether that genuine issue pertains to material facts. Fed. R. Civ. P. 56(e). The substantial law of the case identifies the material facts, that is, those facts that potentially affect the outcome of the suit. *Anderson*, 477 U.S. at 248. Third, assuming no

genuine issue exists as to the material facts, the Court will decide whether the moving party shall prevail solely as a matter of law. Fed. R. Civ. P. 56(e).

Summary judgment is "properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole, which are designed to secure the just, speedy and inexpensive determination of every action." *Celotex*, 477 U.S. at 327. The primary issue is whether the material facts present a sufficient disagreement as to require a trial, or whether the facts are sufficiently one-sided that one party should prevail as a matter of law. *Anderson*, 477 U.S. at 251-52. The substantive law of the case identifies which facts are material. *Id*. at 248. Only disputed facts potentially affecting the outcome of the suit under the substantive law preclude the entry of summary judgment.

### III.   FACTUAL AND PROCEDURAL HISTORY

On or about September 16, 2003, Plaintiffs, along with another individual, patronized Defendant's restaurant. After they finished eating at the restaurant, Plaintiffs exited the doorway leading to the parking lot. On the way to her car, Plaintiff Shelvie Finley allegedly slipped on an oil patch and fell. She avers that she sustained injuries to her neck and spine as a result of the fall.

On May 6, 2004, Plaintiffs filed their complaint in the Laurens County Court of Common Pleas seeking damages resulting from Defendant's alleged negligence. Defendant removed the case to this Court on June 9, 2004, and subsequently filed a motion for summary judgment on March 1, 2005. The controversy is now ripe for review.

**IV.     CONTENTIONS OF THE PARTIES**

Plaintiffs posit that Defendant had actual or constructive notice of the alleged danger in the restaurant parking lot, but failed to remedy it. Defendant disagrees with Plaintiff's contention and counters that a storekeeper's legal duty to prevent the risk of a foreign substance on its premises is absent from the law of South Carolina. Defendant also argues that Plaintiffs have failed to provide evidence necessary to infer that its lot was negligently designed.

**V.     DISCUSSION**

*A.     Maintenance*

*1.     Negligence*

"It has long been the law in South Carolina that a merchant is not an insurer of the safety of his customer[s] but owes them only the duty of exercising ordinary care to keep the premises in reasonably safe condition." *Milligan v. Winn-Dixie Raleigh, Inc.*, 273 S.C. 118, 120, 254 S.E.2d 798, 799 (1979). For a storekeeper to be liable for a dangerous or defective condition, "the plaintiff must show either (1) that the injury was caused by a specific act of the defendant . . . or (2) that the defendant had actual or constructive knowledge of the dangerous condition and failed to remedy it." *Wintersteen v. Food Lion, Inc.*, 344 S.C. 32, 35, 542 S.E.2d 728, 730 (2001).

There is no allegation by Plaintiffs that their injuries were caused by a specific act of Defendant. Instead, Plaintiffs assert that Defendant had actual or constructive knowledge of the oil patch and failed to remedy it. "Constructive notice may be proved by showing that the material had been on the floor sufficiently long that the defendant was negligent in failing to discover and remove it." *Milligan*, 273 S.C. at 120, 254 S.E.2d at 799.

4

Plaintiffs contend that Defendant's parking lot had grease stains on it and infers that such stains are caused by oil that has remained on the lot for a sufficiently long time. Plaintiffs conclude this analysis by arguing that the stains give Defendant actual or constructive knowledge that oil was present on its lot.

Plaintiffs' allegations assume that stains on the parking lot make oil patches a foreseeable risk, thereby giving Defendant constructive notice. This is simply not the law. The Supreme Court of South Carolina rejected a standard that extended liability to an "inherently dangerous condition and foreseeable risk of harm." *Simmons v. Winn-Dixie Greenville, Inc.*, 318 S.C. 310, 310, 457 S.E.2d 608, 608 (1995). The law of South Carolina has "never required storekeepers to take actions to prevent or minimize the foreseeable risk of a foreign substance on the floor of its premises." *Wintersteen*, 344 S.C. at 36, 542 S.E.2d at 730. Hence, the stains on Defendant's parking lot fails to establish that Defendant had either actual or constructive knowledge of the oil that caused Plaintiff Shelvie Finley's fall.

Plaintiffs' complaint also states that Defendant negligently failed to warn them of the oil patch. Such a claim, however, can be sustained only if Defendant had actual or constructive knowledge of the oil. Since Plaintiffs have failed to prove that Defendant had actual or constructive knowledge of the oil, the negligent failure to warn assertion must also fail.

    2.    *Reasonable Care*

Even if this Court accepted Plaintiffs' expansion of the constructive knowledge requirement, Defendant would still be entitled to summary judgment. "In a slip and fall case [the] focus is on whether the defendant acted reasonably in discovering and removing foreign objects from the floor."

*Id.* at 38, 542 S.E.2d at 731 (quoting *Richardson v. Kroger*, 521 So.2d 934, 937 (Ala. 1988)). Plaintiffs have failed to provide evidence to demonstrate Defendant's conduct to be unreasonable.

Instead, the record before the Court indicates that Defendant cleaned the parking lot "several times a day." (Sorenson Dep. at 46:8.) The record also establishes that Defendant's policy requires a thorough cleaning of the parking lot every other week. (*WH* at 0009-0010.) This cleaning includes removal of any oil spots with a drying compound and the application of a cleaning concentrate. *Id.* Plaintiffs have proffered no evidence indicating this policy to be unreasonable or that this policy was not followed.

The law of South Carolina does not "require storekeepers to make it impossible for . . . items to fall on the floor." *Wintersteen*, 344 S.C. at 38, 542 S.E.2d at 731 (quoting *Richardson v. Kroger*, 521 So. 2d 934, 937 (Ala. 1988)). Because Plaintiffs have failed to demonstrate Defendant's unreasonableness, or Defendant's actual or constructive knowledge of any oil in its lot, summary judgment is appropriate.

       3.    *Stains*

Plaintiffs suggest that the fall in question may have occurred due to a grease stain as opposed to an oil patch. Having carefully considered this argument, the Court will nevertheless enter judgment in favor of Defendant.

Plaintiffs have failed to provide any evidence beyond assertions in their Opposition to the Motion for Summary Judgment that the fall was caused by grease stains. Without such evidence, this Court is unable to infer that Plaintiff slipped on a grease stain. Moreover, the evidence provided by Plaintiffs establishes that Plaintiff Shelvie Finley slipped on a liquid oil or transmission fluid

patch. (*E.g.*, Barry Finley Dep. at 21:7; Shelvie Finley Dep. at 56:11-15.) Hence, this Court's opinion remains unchanged.

    B.    *Design*

Plaintiffs allege that Defendant was negligent in the design of its parking lot. Specifically, Plaintiffs assert that Defendant failed to follow proper codes, improperly designed the parking lot, and failed to properly design the entrance and exit. Plaintiffs, however, have failed to provide any evidence that raises a genuine issue of material fact as to the design of the parking lot. As Defendant notes, Plaintiffs neglected to provide any expert testimony to support this allegation, nor any other evidence to establish that building codes or industry standards have been violated. Such failure is fatal to Plaintiffs' claim.

    C.    *Consortium*

In light of the discussion above, Plaintiff Barry Finley's consortium claim necessarily fails.

## VI.    CONCLUSION

The Court concludes that Plaintiffs have failed to establish that a genuine issue of material fact exists as to the maintenance, design, and construction of Defendant's parking lot. Therefore, it is the judgment of this Court that the Defendant's motion for summary judgment must be **GRANTED** as to all of Plaintiffs' claims.

**IT IS SO ORDERED.**

Signed this 14th day of November, 2005, in Spartanburg, South Carolina.

                                    /s/ Henry F. Floyd
                                    HENRY F. FLOYD
                                    UNITED STATES DISTRICT JUDGE